PLAGER, Circuit Judge,
concurring.
The statute at issue (38 U.S.C. § 1722A) is entitled “Copayment for Medications.” Subsection (a)(1) specifies a copayment to be paid by veterans “for each 30-day supply of medication furnished such veteran ... for the treatment of a ... condition.” The court in its opinion here recognizes that “medication” refers to the prescribed pills or tablets themselves, as distinct from any associated administrative cost. See Maj. Op. at 1374, n. 3.
Nevertheless, based on this statute the VA charges veterans a copayment calculated not on the actual cost of a veteran’s individual medications or even an overall *1380 average of actual costs for the medications VA dispenses, but on the overall average of administrative costs the VA incurs in dispensing the medications. Then, to further complicate the matter, the VA adjusts that copayment for inflation by using the prescription drug component of the Medical Consumer Price Index.
What are we to make of this? Judge Hagel, dissenting in the decision of the Veterans Court in this case, and Mr. Heino are both of the view that the statute is plain and unambiguous and means the actual cost of the medications, not the cost to administer them; and so it would seem. Mr. Heino would like his co-payment to be based only on his particular medicine, and then only the quantity of it that he takes. But the administrative complications that practice would introduce can only be imagined, given the several billion dollars worth of drugs that pass through the VA each year. Whatever may be the case for the individual medications themselves, the VA can reasonably approximate its annual administrative cost for dispensing medications, and roughly bases individual co-payments on that number averaged among its medical beneficiaries, though in recent years, for policy reasons, it has held that number from increasing. See id. at 1377, n. 6.
With a creative bit of definitional construction and Chevron analysis, we conclude that what the VA does is legitimate; this avoids throwing the VA co-payment system into total chaos, and probably is, in a broad sense, consistent with what Congress thought the VA should be doing. Even so, to clear itself from further challenges, the VA might want to either rejigger its methodology to base it on the calculated cost of medications — no doubt arriving at a similar co-payment number— or get Congress to add consideration of administrative costs to the statute.